IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN TYLER | : |
| | : Case No. 2:19-CV-4393 |
| | : |
| Plaintiff, | : CHIEF JUDGE ALGENON L. MARBLEY |
| | : |
| v. | : Magistrate Judge Jolson |
| | : |
| GEORGE W. LAVENDER, JR., et al., | : |
| | : |
| Defendants. | : |

## <u>OPINION & ORDER</u>

This matter is before the Court on Magistrate Judge Jolson's Report and Recommendation that the case be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(m). (ECF No. 3). Plaintiff Steven Tyler, filed an Objection to the Report and Recommendation. (ECF No. 4). For the reasons set forth below, this Court **REJECTS** the Report and Recommendation. Mr. Tyler will receive an additional thirty (30) days to complete service.

### I. BACKGROUND

Plaintiff was taken to the Ross County Jail on October 2, 2017, on a domestic violence charge. (ECF No. 1 at 3). Plaintiff states he was physically assaulted while in the jail's holding area. *Id.* As a result, he claims to have suffered serious and permanent injuries as a result of the attack. *Id.*

On October 2, 2019, Plaintiff filed this lawsuit against Defendants who include the Ross County Sheriff, Staff Captain, and multiple Correctional Officers. (ECF No. 1 at 1). Plaintiff brought a 42 U.S.C. § 1983 claim alleging Defendants violated his rights under the Eighth and Fourteenth Amendments. (ECF No.1 at 4, 7). On February 19, 2020, Magistrate Judge Jolson

ordered Plaintiff to show cause as to why he had not served Defendants within the required time under Fed. R. Civ. P. 4(m). (ECF No. 2 at 1). Plaintiff did not respond to the Order to Show Cause. On March 27, 2020, Judge Jolson issued a Report and Recommendation that the suit be dismissed without prejudice because Plaintiff failed to effect service as required by Rule 4(m). (ECF No. 3).

On April 10, 2020, Plaintiff filed an objection to the Magistrate's Report and Recommendation. (ECF No. 4 at 1). As Plaintiff explains, a series of errors led to his failure to serve the Defendants. *Id.* at 3. First, Plaintiff's counsel drafted waivers of service but failed to send them to the Defendants. *Id.* Then Plaintiff's counsel installed an email system that filtered out CM/ECF notifications including the Order to Show Cause. *Id.* Therefore, Plaintiff requested this Court reject the recommendation and grant him additional time to effect service either for good cause or through this Court's discretion. *Id.* at 2-3.

## II.     STANDARD OF REVIEW

When objections to a Magistrate Judge's Report and Recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

## III.    LAW & ANALYSIS

**A. Plaintiff has failed to effect service within the required time under Rule 4(m)**

Plaintiff had 90 days to effect service on the Defendants under Fed. R. Civ. P. 4(m). The relevant text of Rule 4 is:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Plaintiff has failed properly to serve the Defendants. The suit was initiated on October 2, 2019. On February 19, 2020, 140 days after the Complaint was filed, Magistrate Judge Jolson filed an order to show cause to Plaintiff for his failure to serve Defendants. Plaintiff did not respond to that Show Cause order. As such, Plaintiff failed to serve Defendants within the time required by Fed. R. Civ. P. 4(m).

**B.  Plaintiff has failed to show good cause for his failure to comply with Rule 4(m)**

It is the Plaintiff's burden to show that there is good cause to extend the time limit under Rule 4(m). *Breezley v. Hamilton Cnty.*, 674 Fed. Appx. 502, 506 (6th Cir. 2017); *Nwokocha v. Perry*, 67 Fed. Appx. 912, 914, (6th Cir. 2003). Plaintiff has failed to meet that burden.

The time limit under Rule 4(m) was created in 1983 when plaintiffs, rather than United States marshals, became obligated to effect service. *See Henderson v. United States*, 517 U.S. 654, 661-62 (1996). The good cause exception is a safeguard for when a defendant evades the Plaintiff's attempts at service. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (evaluating the legislative history). The Sixth Circuit has recognized limited justifications for good cause in addition to Defendant's evasion. *See Byrd v. Stone*, 94 F.3d 217, 219, (6th Cir. 1996) (finding good cause when the plaintiff relied on a marshal's assurances that service was completed when in fact no summons had been issued); *Habib v. Gen. Motors Corp.*, 15 F.3d 72,

73 (6th Cir. 1994) (finding good cause when the pro se plaintiff's serious illness prevented him from effecting service).

The good cause exception does not, however, apply to "counsel's inadvertent failure or half-hearted efforts to serve a defendant." *See Friedman,* 929 F.2d at 1157; *see also Harness v. Taft*, 801 Fed. Appx. 374, 377 (6th Cir. 2020). In *Harness*, the court's clerk mailed orders to the attorney's incorrect address. Regardless of the error, the Sixth Circuit noted it was the attorney's duty to monitor the docket. *Id.* (citing *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) and *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007)).

Plaintiff has failed to show good cause. Plaintiff's reasons for failing to effect service do not align with those that create good cause. Rather, Plaintiff's counsel failed his duty to monitor the docket by relying on notifications from CM/ECF emails. *See Harness*, 801 Fed. Appx. at 377. Thus, the reasons in this case are best described as an "inadvertent failure" and do not show good cause. *See Friedman,* 929 F.2d at 1157.

### C. Equitable considerations urge this Court to use its discretion to grant additional time

Even without good cause, the district court can use its discretion to grant a plaintiff a specified amount of time to effect service. *See Becker v. Wilkinson*, 2006 U.S. Dist. LEXIS 95826, at *1 (S.D. OH. Aug. 3, 2006); *Vitek v. AIG Life Brokerage*, 2007 U.S. Dist. LEXIS 18814, at *15, (S.D. OH. Feb. 27, 2007). This discretion supports the "strong preference that claims be adjudicated on their merits." *See Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003).

In determining whether to use its discretion to grant an extension a court will consider five factors. *Henderson v. United States*, 517 U.S. 654, 662, (1996). The factors are: (1)

whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process. *Id.*

This Court concludes that equitable considerations weigh in favor of granting Mr. Tyler additional time to properly serve the summons and complaint on each defendant. Dismissing the case would result in prejudice to Plaintiff who would lose his filing fee. Further, Plaintiff's claims may be time-barred by the relevant statute of limitations which would prevent him from pursuing them on the merits. Likewise, the Defendants appear to have actual notice of the case as Plaintiff's attorney has made efforts to effect service and seek a waiver. Finally, Plaintiff requests only a modest extension to complete his efforts. (ECF No. 4 at 4).

## IV. CONCLUSION

For the foregoing reasons, this Court **REJECTS** Judge Jolson's recommendation (ECF No. 3). Mr. Tyler will be given an additional thirty (30) days from the issuance of this Opinion and Order to effect service.

**IT IS SO ORDERED.**

                                                        **ALGENON L. MARBLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**DATED:  November 3, 2020**