IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN TYLER,

        **Plaintiff,**

    v.

GEORGE W. LAVENDER, Jr., et al.,

        **Defendants.**

Civil Action 2:19-cv-4393
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Voluntary Dismissal (Doc. 24). For the reasons that follow, the Motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED without prejudice**. The Court imposes the following conditions on refiling of the action: (1) Plaintiff must refile within one year of the date of this Opinion and Order; (2) if Plaintiff refiles, he must indicate the case is related to the present action and include the case number; (3) upon refiling, Defendants may seek costs under Rule 41(d).

**I.    BACKGROUND**

This civil rights case arises from events that took place at Ross County Jail in 2017. (Doc. 1, ¶¶ 3, 10). Plaintiff alleges that he was physically assaulted by several other inmates— inmates who had a known history of violence and "racial animus toward African Americans." (*Id.*, ¶¶ 11–13). Plaintiff says Defendants knew or should have known he was at risk of being assaulted and he should never have been held in proximity to these inmates. (*Id.*, ¶¶ 12, 14). Plaintiff alleges that Defendants' deliberate indifference has caused him serious, permanent injuries. (*Id.*, ¶¶ 15, 16).

This case has been pending since October 2, 2019. (Doc. 1). Four months after the case was filed, Plaintiff was ordered to show cause why an extension of time to effect service should

be allowed. (Doc. 2). Plaintiff never responded, so the Undersigned recommended dismissal for failure to serve. (Doc. 3). Plaintiff objected and filed requests for issuance of summons. (Docs. 4, 5, 6). On November 3, 2020, Chief Judge Marbley gave Plaintiff additional time to effect service. (Doc. 7). Defendants were not served until May 2021. (Doc. 9). All told, the case has been pending for over two and a half years due in large part to Plaintiff's delay in effecting service.

In addition to service delays, discovery delays have been ongoing and acute since September 2021. On December 15, 2021, Defendants emailed the Court and requested a conference to discuss discovery concerns. Defendants had propounded written discovery requests on Plaintiff but had not received a response in over three months. Defendants raised the alarm bell because the discovery deadline was only weeks away, and they needed the discovery response before deposing Plaintiff. The Court held a discovery conference and ordered the parties to submit proposed deadlines for discovery. (Doc. 20). The parties conferred and Plaintiff's counsel represented that Plaintiff responded to Defendants' discovery requests and that both parties would work to produce necessary discovery. With some reluctance, the Court extended the discovery deadline to March 31, 2022, emphasizing that the proposed deadlines were too lengthy given the age of the case. (Doc. 21).

Then, on March 29, 2022, two days before the discovery deadline, Defendants emailed the Court and requested another discovery conference. After receiving initial responses to discovery requests from Plaintiff, Defendants identified outstanding written discovery. Plaintiff had over two months to respond but failed to do so. Defendants were in the same position as before—the discovery deadline was looming and they had not received the discovery necessary to conduct Plaintiff's deposition. The Court held another conference and gave Plaintiff two options: He could

propose a meaningful discovery plan, or file for dismissal, an option he indicated he was considering. (*See* Doc. 23). Plaintiff chose the latter. (*See* Doc. 24).

Plaintiff now moves to dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. 24). He says he is unable to participate in discovery due to a traumatic brain injury and seeks a later chance to file again. (*Id.* at 2). Defendants responded to highlight the "delay or lack of diligence on Plaintiff's part" in pursuing the case. (Doc. 26 at 1). Thus, Defendants request that Plaintiff be ordered to pay all or part of the cost of this action if Plaintiff refiles. (*Id.*). In reply, Plaintiff says that paying costs would be a substantial burden to his ability to refile because of his financial state. (Doc. 27). The Motion is ripe for review. (*See* Docs. 24, 26, 27).

## II. STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation, Fed. R. Civ. P. 41(a)(1)(A)(ii), or "by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2). The purpose of the Rule is to "protect the nonmovant from unfair treatment." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

The decision to dismiss a case under Rule 41(a)(2) falls "within the sound discretion of the district court." *Id.* In exercising its discretion, the Court considers whether the defendant would suffer "plain legal prejudice" if the motion were granted. *Grover*, 33 F.3d at 718. Notably, the "mere prospect of a second lawsuit" does not amount to plain legal prejudice. *Id.* To determine if plain legal prejudice exists, the Court considers "(1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether

a motion for summary judgment has been filed by the defendant." *Id.* (numbering added). Though the *Grover* factors are meant to guide the Court's exercise of discretion, they are not exclusive nor mandatory. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

And the Court's discretion extends even further because the grant of a Rule 41(a)(2) motion "may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

### III. DISCUSSION

Here, Plaintiff moves to dismiss the case without prejudice because he says his traumatic brain injury is impeding his ability to litigate the matter. (Doc. 24). He wants time to heal and then potentially refile the case. Defendants do not contest Plaintiff's inability to litigate effectively. Instead, they say that dismissal will cause them harm because of the case's age. (Doc. 26 at 1). As a remedy for their prejudice, Defendants advocate for conditions to be imposed on refilling of the lawsuit. (*See* Doc 26). The Court first addresses the sufficiency of Plaintiff's Motion, and then discusses conditions.

#### A. Dismissal

The Court concludes that Defendants will not be so prejudiced by the voluntary dismissal of the case as to warrant denial of Plaintiff's Motion. Importantly, Defendants do not say otherwise. (*See* Doc. 26 at 1). Accordingly, the Motion (Doc. 24) is **GRANTED**.

Up front, the Court concludes that Plaintiff's reason for dismissal is substantial and justifiable. Plaintiff is unable to prosecute this case due to a traumatic brain injury. (Doc. 24 at 2, 4). Plaintiff has given a good explanation for the Motion; this favors dismissal. *See Hendricks v. Hazzard*, No. 2:11-CV-399, 2014 WL 4467651, at *3 (S.D. Ohio Sept. 9, 2014), *report and*

4

*recommendation adopted*, No. 2:11-CV-399, 2015 WL 586097 (S.D. Ohio Feb. 11, 2015) (crediting the plaintiff's health concerns as a reason to seek voluntary dismissal).

Next, the Court finds that while Plaintiff has frustrated the progression of the case by not engaging fully in discovery, the delay has not been so excessive as to warrant denial of Plaintiff's Motion. *See Cogent Sols. Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *7 (S.D. Ohio Nov. 20, 2013) ("[N]one of the allegations nor anything in the record rises to the level of delay sufficient to warrant denial of a dismissal without prejudice."); *Hendricks*, 2014 WL 4467651, at *3 (finding Plaintiff did not excessively delay the case despite the age of the case and the substantial record). Further, conditions placed on Plaintiff's refiling, explained below, sufficiently address concerns related to Plaintiff's delay.

Finally, Defendants have not filed a motion for summary judgment, nor expended too much effort or money on trial preparation. *See Hendricks*, 2014 WL 4467651, at *3 (granting Rule 41(a)(2) motion despite defendants investing "time and effort in somewhat extensive motions practice" because that alone was not enough for the court to find plain legal prejudice). To date, Defendants have not taken any depositions and have not filed any dispositive motions. Most of Defendants' efforts in this case were focused on obtaining complete responses to discovery requests from Plaintiff from September 2021 to March 2022. (*See* Docs. 20, 23). As explained below, the Court concludes that the expense and inconvenience associated with any future refiling of the action is adequately addressed by Rule 41(d) and the conditions placed on Plaintiff. *Chasteen v. Johnson*, No. 2:12-CV-229, 2013 WL 1281881, at *2 (S.D. Ohio Mar. 27, 2013), *report and recommendation adopted*, No. 2:12-CV-229, 2013 WL 1627657 (S.D. Ohio Apr. 16, 2013); *Johnson v. Jos. A. Bank Clothies, Inc.*, No. 2:13-CV-00756, 2016 WL 67787, at *2 (S.D.

5

Ohio Jan. 6, 2016). In sum, dismissal without prejudice will not cause Defendants plain legal prejudice.

      **B.**      **Conditions**

While the Court grants Plaintiff's voluntary dismissal, it recognizes that Defendants will not be free from expense and further effort if this case is refiled. The Court has discretion to "impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)). To offset the prejudice dismissal and refiling would cause, the Court imposes three conditions: (1) Plaintiff must refile within one year of the date of this Opinion and Order; (2) if Plaintiff refiles, he must indicate the case is related to the present action and include the case number; (3) upon refiling, Defendants may seek costs under Rule 41(d).

First, any refiling of this action must be within one year of the date of this Opinion and Order. Plaintiff himself proposed this condition. (Doc. 24 at 2). This limitation on when Plaintiff can refile, addresses Defendants' concerns regarding the age of Plaintiff's allegation. (Doc. 26 at 1). It also provides finality.

Second, if this action is refiled, Plaintiff must indicate that the refiled action is related to the present action and include the case number.

Third, Defendants may seek costs under Rule 41(d) as requested. (Doc. 26 at 1). Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Given Plaintiff's delay in filing this Motion—despite ongoing concerns regarding his ability to participate in discovery (*see* Docs. 20, 23)—the Court determines that any

6

refiling of this action be conditioned on Defendants' ability to seek recovery for costs under Rule 41(d). *See Hendricks*, 2014 WL 4467651, at *3; *Sam v. Michigan*, No. 08-14787, 2009 WL 1212830, at *1 (E.D. Mich. Apr. 30, 2009) (conditioning refiling on notifying the Court so that it can determine costs at that time). If Plaintiff refiles this case, Defendants may seek to recover costs under Rule 41(d), as long as appropriate evidentiary support is provided. *Hendricks*, 2014 WL 4467651, at *3. The Court notes that costs incurred in this action for matters which can be used in the refiled action are generally not recoverable. *Id.* And attorneys' fees are not recoverable under Rule 41(d). *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

Plaintiff expressed concern regarding the imposition of costs, stating that costs would "effectively take away his right to refile any action." (Doc. 27). If Plaintiff refiles and Defendants seek costs, Plaintiff may file a response detailing the prejudice that would result given his potential inability to pay for the Court's consideration. *See, e.g.*, *Duffy v. Ford Motor Co.*, 218 F.3d 623, 632 (6th Cir. 2000) ("[C]ourts have expressed reluctance to exercise their discretion to award costs under Rule 41(d) when the result would be to deprive innocent plaintiffs of their day in court due to their inability to pay the defendant's costs."). That determination is better made at a later date when Plaintiff's current financial position may be considered.

One final point. Plaintiff is cautioned that failure to comply with the conditions may result in the dismissal of the refiled action. *See Chandler v. Case W. Rsrv. Univ.*, 57 F. App'x 683, 686 (6th Cir. 2003) (affirming the district court's dismissal with prejudice for failure to comply with the conditions of the previous dismissal).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal (Doc. 24) is **GRANTED**; Plaintiff's complaint is hereby **DISMISSED without prejudice**. Further, the Court imposes the following conditions on Plaintiff's refiling of this action: (1) Plaintiff must refile

7

within one year of the date of this Opinion and Order; (2) if Plaintiff refiles, he must indicate the case is related to the present action and include the case number; (3) upon refiling, Defendants may seek costs under Rule 41(d). If Plaintiff does not comply with these conditions, his refiled case may be dismissed with prejudice.

    IT IS SO ORDERED.

Date: June 2, 2022                                                /s/ Kimberly A. Jolson
                                                                                          KIMBERLY A. JOLSON
                                                                                          UNITED STATES MAGISTRATE JUDGE